IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PATRICIA SCURRY, | : |
| | : |
| Plaintiff | : |
| | : |
| VS. | : |
| | :   7 : 04-CV-122 (HL) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on November 1, 2004, challenging the Commissioner's final decision denying her application for disability benefits.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.

*Background*

The plaintiff filed her applications for disability benefits in August 2000, alleging disability due to back and neck pain, hypertension, shoulder pain, knee pain and weakness and bilateral hand pain.  The amended alleged onset date is January 1, 2001.  Her application was denied throughout all administrative levels.  Following a hearing in May 2004, the ALJ determined that the plaintiff had a residual functional capacity for light work, and that although she could not return to her past relevant work as a sewing machine operator and/or biscuit maker, she was capable of performing other work which existed in significant numbers in the national economy.  The Appeals Council denied review and the plaintiff then filed this appeal, arguing in general that the ALJ erred in applying the pain standard.

*Standard of Review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The plaintiff argues that she "has a medical record going back many years indicating that she has chronic debilitating pain due to repaired herniated cervical discs, carpal tunnel syndrome and other aforementioned maladies" and that "there is plenty of objective medical evidence to show that the claimant is suffering from chronic pain." A review of the ALJ's decision, the medical records herein, and the plaintiff's testimony reveals, however, that his decision was properly supported by substantial evidence. Accompanied by a thorough review of the medical evidence and the plaintiff's testimony, the ALJ found that "[t]he claimant's statements concerning her impairments and their impact on her ability to work are not entirely credible in light of the medical history, the reports of treating and examining practitioners, the degree of medical treatment required and the claimant's own description of her activities and life style." R. at 13. The ALJ specifically noted that she neither required nor sought more than conservative treatment for her back and neck pain, that her hypertension, despite her non-compliance with

treatment, had not resulted in long-term problems or damage, that she experienced significant improvement following right shoulder surgery, and that her knee condition required only conservative treatment and doctor-recommended weight loss.   The ALJ further noted that the plaintiff testified to cooking full meals, vacuuming her house, washing clothes, twice-weekly walks, and driving.  The plaintiff has not provided any specific argument or challenge to these findings, and the undersigned finds that they are supported by the objective medical record.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of January, 2006.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb